Spiegel Bros. *v.* United States (No. 3599)[1]

[1] T.D. 46831.

United States Court of Customs and Patent Appeals, December 23,
1933

*James R. Ryan* (*David D. Stansbury* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*William Whynman*, special
attorney, of counsel), for the United States.

[Oral argument October 4, 1933, by Mr. Ryan and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT,.
Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The appeal here involved is from a judgment of the Third Division
of the United States Customs Court dismissing a protest of appellant,.
the material portions of which will be hereinafter quoted, growing out
of importations of artificial flowers, at the port of Chicago, Ill., under
the Tariff Act of 1922, the ground of such dismissal being that it was.
not seasonably filed.

Ten entries are involved, the dates of same ranging from December
1, 1925, to July 13, 1927. The collector's liquidations of these several.
entries ranged from April 15, 1926, to September 16, 1927. The
protest which challenges the validity or legality of the several liqui-
dations bears date of August 27, 1931, and appears to have been.
received by the collector on that date.

The local appraiser appraised the merchandise at the value at
which same was entered by the importer, and the Collector of Customs.
assessed duty at the rate of 90 per centum ad valorem under paragraph.
1430 of the Tariff Act of 1922.

The case was submitted to the trial court, "subject to the approval.
of the court," upon a stipulation of counsel for the respective parties—

* * * that the protest and supporting documents, the entry papers, and,
the collector's letter may be received in evidence and the case submitted upon.
this stipulation and all the papers in the case.

The report of the Collector of Customs transmitting the case to the
United States Customs Court, among other things, states:

No timely protests were filed against the liquidations.

On July 16, 1931, several years after the liquidation of the entries, a com-
munication was received requesting a "valid" liquidation, the contention being
that the entries were not legally liquidated because no written notice of ap-
praisement had been mailed to the importer. This request was denied by this.
office on August 26, 1931.

The pertinent portions of the protest read:

We hereby protest against your decision of August 26, 1931, denying valid liquidations of the entries hereinafter set forth and submit:

1. The appraisement of the merchandise herein never became final and legal appraisement, for the reason that you have failed to comply with the mandatory provisions of section 501 of the Tariff Act of 1922 which require you to deliver or mail a written notice of the appraisement to the consignee, his agent or attorney. No such notice was ever delivered or mailed by you nor was such notice ever received by the consignee, its agent or attorney.

2. The purported liquidations of the entries herein are void for the reason that you attempted to liquidate the entries without first having a final and legal appraisement of the merchandise.

3. The merchandise herein consists of artificial flowers. The artificial flowers herein are not dutiable at 90 per centum ad valorem, under the provisions for "trimmings" in paragraph 1430, Tariff Act of 1922. They are dutiable at 60 per centum ad valorem under "eo nomine" provision for artificial flowers contained in paragraph 1419, Tariff Act of 1922.

Nothing appears in the record before us indicating that appellant challenges the correctness of the appraised value, so far as that value *per se* is concerned, but it is alleged that the liquidations were void, because not based upon appraisements which were "final and legal," no notice of the appraisement having been delivered or mailed, as is claimed by appellant to be made mandatory by section 501 of the Tariff Act of 1922.

It thus appears that the fundamental question here is the same as that present in the case of *Gallagher & Ascher v. United States* (no. 3613), 21 C.C.P.A. (Customs) —, T.D. 46832, decided concurrently herewith, and our decision in that case is controlling in this. Appellant in this case relies upon the same authorities cited in the *Gallagher & Ascher* case, *supra*, citing, in addition thereto, during the oral argument, the case of *Wehrman v. Conklin*, 155 U.S. 314. We find nothing in this latter case which we regard as relevant here.

It may be added that in the instant case, appellant's proceeding seems also to be obviously barred by the provisions of section 521 of the Tariff Act of 1922, reading:

SEC. 521. RELIQUIDATION OF DUTIES.— * * * whenever duties upon any imported merchandise have been liquidated and paid, and the merchandise has been delivered to the consignee, or his agent, * * * such settlement of duties shall, after the expiration of one year from the date of entry, or after the expiration of sixty days after the date of liquidation when liquidation is made more than ten months after the date of entry, * * * be final and conclusive upon all parties. * * *

Appellant's protest herein was not filed until almost four years after the date of the last liquidation of the entries involved.

The judgment of the United States Customs Court is *affirmed*.